UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GONZALEZ VERDUZCO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARIN, et al.,<br><br>　　　　　Defendants. | Case No.: 1:14-cv-01387-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND<br>(ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

**I.　Screening Requirement and Standard**

Plaintiff Salvador Gonzalez Verduzco ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was transferred to this Court on September 5, 2014. Plaintiff's complaint, filed on April 30, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Salinas Valley State Prison.  The events in the complaint are alleged to have occurred at Corcoran State Prison.  Plaintiff names Correctional Officers Marin and Rios as defendants.

Plaintiff alleges as follows:

> I went to the clinic, Salcedo and Portillo took me out of my cell with hand cuff's and with chains on my legs – than Marin and Rios took me back from the clinic or mini hospital at Corcoran than Marin started pushing me and than I dessapier when I wake up I was in fresno Hospital.  With very – sirious injury, in my left side of my head.  I want a Compensation of money plus free Canteen every month, plus extra trays and peanut butter lunch everyday.  this was on 09/20/2008.

(ECF No. 1, p. 3) (unedited text).

///

///

///

2

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  Plaintiff will be given leave to cure the deficiencies in his complaint.  To assist Plaintiff, the Court provides the relevant pleading and legal standards.

### A.  Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a ). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Although Plaintiff's complaint is short, it does not include a plain statement of his claim. Rather, Plaintiff's complaint fails to include sufficient factual allegations to clearly state what happened.  If Plaintiff elects to amend his complaint, he must include facts alleging what each defendant did or did not do that resulted in a violation of his constitutional rights.

### B.  Excessive Force

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981). The inquiry as to whether a prison official's use of force constitutes cruel and unusual punishment is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7, 112 S.Ct. 995, 998, 117 L.Ed.2d 156 (1992); Whitley v. Albers, 475 U.S. 312, 320, 106 S.Ct. 1078, 1085(312), 89 L.Ed.2d 251.

"The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." <u>Hudson</u>, 503 U.S. at 8, 112 S.Ct. at 1000 (internal quotation marks and citations omitted). A prison official's use of force to maliciously and sadistically cause harm violates the contemporary standards of decency. <u>Wilkins v. Gaddy</u>, 559 U.S. 34, 37, 130 S.Ct. 1175, 1178, 175 L.Ed.2d 995 (2010).  However, "[n]ot 'every malevolent touch by a prison guard gives rise to a federal cause of action." <u>Wilkins</u>, 559 U.S. at 37 (quoting <u>Hudson</u>, 503 U.S. at 9, 112 S.Ct. at 1000). Factors that can be considered are "the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted." <u>Whitley</u>, 475 U.S. at 321, 106 S.Ct. at 1085; <u>Marquez v. Gutierrez</u>, 322 F.3d 689, 692 (9th Cir.2003). Although the extent of the injury is relevant, the inmate does not need to sustain serious injury. <u>Wilkins</u>, 130 S.Ct. at 1178–79; <u>Hudson</u>, 503 U.S. at 7, 112 S.Ct. at 999.

Here, Plaintiff alleges that Defendant Marin started pushing Plaintiff and Plaintiff then disappeared and woke up in the hospital with a serious head injury.  Although Plaintiff's complaint refers to being sent "to the Comma," it is not clear if he means he was comatose from an alleged injury.  The Court cannot infer from the facts as stated that Defendant Marin's action in pushing Plaintiff resulted in any corresponding injury.  Plaintiff does not allege whether he fell, tripped, was pushed onto the ground or into an object or how obtained the alleged head injury.  Plaintiff will be given leave to cure this deficiency.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8, and he fails to state a cognizable claim.  The Court will grant Plaintiff an opportunity to cure the identified deficiencies. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, <u>Iqbal</u>, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa County, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed with leave to amend;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and
4. If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **February 11, 2015**           /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE