# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GONZALEZ VERDUZCO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MARIN, et al.,<br><br>　　　　Defendants. | 1:14-cv-01387-BAM (PC)<br><br>ORDER TO SHOW CAUSE WHY DEFENDANTS MARIN AND RIOS SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE<br><br>(ECF No. 27)<br><br>THIRTY-DAY DEADLINE |

**I.　　Introduction**

Plaintiff Salvador Gonzalez Verduzco ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on April 30, 2014. This action proceeds on Plaintiff's first amended complaint, filed on February 27, 2015, for excessive force in violation of the Eighth Amendment against Defendants Marin and Rios.

**II.　　Service by the United States Marshal**

On March 23, 2015, following screening of the first amended complaint, the Court issued an order directing the United States Marshal to initiate service of process in this action upon Defendants Marin and Rios. (ECF No. 18.) On August 14, 2015, the United States Marshal Service returned both summons unexecuted. (ECF Nos. 22, 23.) The Marshal reported that the assistance of a special investigator was sought, but the special investigator was unable to identify

either of the Defendants based on the information Plaintiff provided. (Id.) Subsequently, the Court ordered Plaintiff to provide information sufficient to enable service of process on the Defendants, (ECF No. 24), and Plaintiff responded with additional identifying information, (ECF No. 25). As a result, on September 18, 2015, the Court ordered the Marshal to attempt re-service on both Defendants with the additional information Plaintiff provided. (ECF No. 26). The Marshal complied, but on November 16, 2015, again returned both summons unexecuted. (ECF No. 27.) A special investigator was again unable to identify either Defendant Marin or Defendant Rios based on the additional information Plaintiff provided. (Id.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

In this case, Plaintiff has not provided sufficient information to identify either Defendant Marin or Defendant Rios, or to locate these Defendants for service of process. If Plaintiff is

unable to provide the Marshal with additional information, these Defendants shall be dismissed from this action, without prejudice. Furthermore, since Defendants Marin and Rios are the only Defendants in this action, if service cannot be effected on at least one of them, this action must be dismissed in its entirety.

Pursuant to Rule 4(m), the court will provide Plaintiff with the opportunity to show cause why Defendants Marin and Rios should not be dismissed from the action at this time.

### III. Conclusion and Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Plaintiff shall show cause why Defendants Marin and Rios should not be dismissed from this action; and

2. <u>The failure to respond to this order or the failure to show cause will result in the dismissal of Defendants Marin and Rios, and thus the dismissal of this action, in its entirety.</u>

IT IS SO ORDERED.

Dated:   **December 1, 2015**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE