# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GONZALEZ VERDUZCO,<br><br>    Plaintiff,<br><br>  v.<br><br>MARIN, et al.,<br><br>    Defendants. | 1:14-cv-01387-AWI-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION WITHOUT PREJUDICE FOR FAILURE TO SERVE DEFENDANTS<br><br>(ECF No. 28)<br><br>TWENTY-ONE-DAY DEADLINE |

**FINDINGS AND RECOMMENDATIONS**

Plaintiff Salvador Gonzalez Verduzco ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's claims for excessive force in violation of the Eighth Amendment against Defendants Marin and Rios.

On December 1, 2015, the Court issued an order to show cause why this action should not be dismissed, since the United States Marshal was twice unable to effect service of process on either of the Defendants based on the information Plaintiff provided. (ECF No. 28.) On December 17, 2015, Plaintiff filed a response to the order to show cause, in which he mainly argues that his action is not improper and that his claims are meritorious. The Court takes no position on those matters.

Regarding service of process, Plaintiff states that it is not his fault that the Marshal and the special investigators that assisted them have been unable to identify the Defendants for

1

1  service. He further states that he is not a private investigator or detective and so cannot
2  investigate the Defendants' identities any further. Plaintiff also argues that effecting service is
3  the Court's responsibility as the representative of his legal demand. (ECF No. 29, p. 2.)

4  Where a pro se plaintiff fails to provide the Marshal with accurate and sufficient
5  information to effect service of the summons and complaint, the Court's sua sponte dismissal of
6  the unserved defendant is appropriate. Walker v. Sumner, 14 F.3d 1415, 1421-22 (9th Cir.
7  1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 132
8  L.Ed.2d 418 (1995). Despite being given opportunities to provide sufficient information and
9  being warned that dismissal would result if he failed to provide the United States Marshal with
10  valid service information, Plaintiff has failed to do so. Plaintiff's argument that he is not
11  responsible for providing sufficient information to identify the Defendants for service is
12  unavailing. Contrary to his position, the Court is not responsible for identifying the Defendants
13  or prosecuting Plaintiff's action. "The plaintiff is responsible for having the summons and
14  complaint served within the time allowed by Rule 4(m) . . . ." Fed. R. Civ. P. 4(c)(1). Plaintiff
15  has failed to show good cause why he did not provide the Marshal with accurate and sufficient
16  information for service of process on either of the two Defendants in this action, Officers Marin
17  or Rios.

18  Accordingly, it is HEREBY RECOMMENDED that this action be dismissed without
19  prejudice under Rule 4(m) for failure to serve the defendants.

20  These findings and recommendations will be submitted to the United States District
21  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
22  **twenty-one (21) days** after being served with these findings and recommendations, Plaintiff may
23  file written objections with the Court.  The document should be captioned "Objections to
24  ///
25  ///
26  ///
27  ///
28

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **December 22, 2015**              /s/ Barbara A. McAuliffe
                                          UNITED STATES MAGISTRATE JUDGE