# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR GONZALEZ VERDUZCO,<br><br>Plaintiff,<br><br>v.<br><br>MARIN, *et al.*,<br><br>Defendants. | Case No. 1:14-cv-01387-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE<br><br>(ECF No. 37) |

Plaintiff Salvador Gonzalez Verduzco ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. On December 22, 2015, the Magistrate Judge issued findings and recommendations recommending that Plaintiff's action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the defendants. (ECF No. 31.) Plaintiff objected, stating at length that his case is meritorious, and that he would seek legal counsel to assist him in prosecuting this action. (ECF No. 32.) Finding these objections did not undermine the grounds for dismissal, the Court adopted the findings and recommendations in full, and dismissed the case, without prejudice, for failure to serve the defendants. (ECF No. 33.) Judgment was entered accordingly. (ECF No. 34.)

On February 26, 2016, Plaintiff filed a motion for reconsideration, expressing his disagreement with the dismissal of his case. (ECF No. 35.) Finding that Plaintiff's motion merely alleged disagreement with the judgment, and set forth no grounds for reconsideration of

1

the Court's order dismissing the action, the Court denied the motion for reconsideration. (ECF No. 36.)

Currently before the Court is Plaintiff's motion to reopen the case, filed July 12, 2019. (ECF No. 37.) In his motion, Plaintiff contends that he has better ideas to make the correctional officers present all their information, including the real names, "plate numbers," and "serial number" of the correctional officers. Plaintiff states that he has a letter from the Court telling him that at any time he has the chance to reopen his case. (Id.)

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." Id.

Plaintiff's motion to reopen, which the Court construes as a Rule 60(b) motion, is untimely and will be denied.

To the extent Plaintiff seeks relief under Rule 60(b)(2) by claiming that he has newly discovered evidence regarding the officers' identities, he failed to file the present motion within a year after the judgment was entered. Fed. R. Civ. P. 60(c)(1).

Plaintiff's motion is also untimely under Rule 60(b)(6). See Hogan v. Robinson, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009) (Rule 60(b)(6) motion "filed over 18 months after judgment was entered, and over two years after Plaintiffs were put on notice of the facts and circumstances upon which they rely[ ]" was untimely); Swait v. Evans, 2008 WL 4330291, at *5–6 (C.D. Cal. Sept. 22, 2008) (Rule 60(b) motions untimely where petitioner "failed to proffer any legally valid explanation for his two-year delay" in filing). Taking into consideration the interest in finality and the lack of reasons for Plaintiff's extended delay, the Court finds Plaintiff's nearly three-year delay in moving to reopen under Rule 60(b)(6) is unreasonable. See Fed. R. Civ. P. 60(c); cf. Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983) ("there is a compelling interest in

the finality of judgments which should not be lightly disregarded"). Additionally, Plaintiff has failed to show extraordinary circumstances that would justify relief under Rule 60(b)(6). <u>See</u> <u>Fantasyland Video, Inc. v. County of San Diego</u>, 505 F.3d 996, 1005 (9th Cir. Cal. 2007).

The Court entered judgment in this case more than three years prior to the filing of Plaintiff's motion. Plaintiff has provided no explanation for the delay in filing his motion, nor is it clear that Plaintiff actually possesses new evidence or information regarding the officers' identities. To the extent Plaintiff references the dismissal of this action without prejudice, that designation allows for the possibility of re-filing his claims, not the reopening of this action at any time.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion to reopen the case, (Doc. No. 37), is DENIED.

IT IS SO ORDERED.

Dated:   February 20, 2020

SENIOR DISTRICT JUDGE